# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TERRANCE J. PONZIO,

        Plaintiff,

v.                                                                      CIV 98-1360 SC/KBM

KENNETH S. APFEL,
Commissioner, Social Security Administration,

        Defendant.

# MAGISTRATE JUDGE'S PROPOSED FINDINGS
# AND RECOMMENDED DISPOSITION

        This matter is before the Court on Plaintiff's (Ponzio's) Motion to Reverse and Remand for a Rehearing, filed with the Court July 2, 1999. The Commissioner of Social Security denied Ponzio's application for supplemental security income. Having reviewed the arguments, pleadings, administrative record and relevant law, I find that the motion is well taken in part and should be granted in part. I recommend that the Court remand the case to the Commissioner for the reasons that follow.

## A. Facts/Procedural Background

        Ponzio was 36 years old when he applied for supplemental security income benefits October 19, 1995. He alleged disability commencing April 1, 1995, due to manic depression, strokes, heart palpitations, and attention deficit disorder. [AR 79, 110; MIS 1] The administrative law judge ("ALJ") found that Ponzio had psychological impairments that met the initial requirements of the Commissioner's Listing of Impairments, specifically in sections 12.04,

12.06 and 12.08. [AR 21] The ALJ found, however, that these impairments created only slight difficulties and restrictions apart from Ponzio's substance abuse, and that Ponzio had improvement with medication. [AR 21] The ALJ consequently found that Ponzio was not disabled. [AR 24] The Appeals Council declined Ponzio's request for review [AR 4], making the ALJ's decision the Commissioner's final decision for purposes of review. Ponzio now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (*citing* 42 U.S.C. § 423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that he

2

is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

**C. Issues**

Ponzio alleges four points of error in the ALJ's decision: (1) the finding that the mental impairment is not severe is not supported by substantial evidence and is contrary to law; (2) the ALJ found the materiality of substance abuse prematurely, which is contrary to law; (3) the ALJ made no findings regarding the functions required of Ponzio's past relevant work; and, (4) the ALJ failed to consider Ponzio's receipt of general assistance benefits, which is contrary to law. [MIS 3]

The ALJ's decision is less than clear, but it appears that the ALJ considered steps two, three, and four of the sequential evaluation. *See Williams v. Bowen*, 844 F.2d 748 (10th Cir. 1988). I conclude that: (1) the ALJ found Ponzio not disabled at step two on the ground that Ponzio did not have a severe impairment; (2) the ALJ found Ponzio disabled at step three, but only because of substance abuse; and (3) the ALJ found Ponzio able to return to past relevant work, and thus not disabled, at step four. I conclude that the ALJ erred on the questions of how Ponzio's impairments affected his ability to work and that Ponzio could perform his past relevant work.

3

**D. Discussion**

*1. Substantial evidence failed to support the ALJ's Step Two Finding*

Both parties agree that the ALJ considered step two and found no severe impairment.[1] It follows that the ALJ erred, or at best contradicted himself, in finding that Ponzio met the severity of the Listing of Impairments at step three. Thus, the ALJ's decision that Ponzio's mental impairment was not severe cannot stand on a "step two" analysis. As such, there is no need to address the parties' other arguments as they concern step two.

*2. The ALJ's Step Three Analysis failed to adequately evaluate Plaintiff's ability to work*

The question then becomes whether the ALJ properly found Ponzio not disabled at step three except for substance abuse. Ponzio contends that the ALJ erred by considering the materiality of his substance abuse before determining his disability independently. [MIS 7] To the contrary, the ALJ expressly considered the disability finding before he considered the effects of substance abuse:

> I find that the claimant has a psychological impairment which meets the initial requirements of Sections 12.04 [Affective Disorders], 12.06 [Anxiety Related Disorders], and 12.08 [Personality Disorders]. This is based on the evidence of a major depressive disorder, attention deficit hyperactivity disorder, and antisocial personality disorder.

[AR 21] This excerpt demonstrates that the ALJ first concluded that Ponzio's mental impairments were indeed disabling. The ALJ then addressed the affect of Ponzio's substance

---

[1] To complicate matters somewhat, the Commissioner insists that the ALJ did not make a step four determination. [RES 7] Yet, in finding Ponzio's impairments not severe, the ALJ cited *Walden v. Bowen*, 813 F.2d 1047 (10th Cir. 1987) (affirming the decision at step four where claimant alleged error at step two). [RES 7] Although the ALJ rejected a finding of disability at Step Two, he nevertheless found that Ponzio met the severity of the Listings, 20 C.F.R. Pt. 404, Subpt. P, App. 1, paragraphs 12.04, 12.06, and 12.08, in step three of the analysis. [AR 22] *See Williams*, 844 F.2d at 751 (step three determines whether the impairment is equivalent to one of a number of listed impairments previously considered at step two).

abuse on the impairments.

> Nevertheless, when the effects of the claimant's drug use are subtracted and evidence including testimony regarding improvement with medication, are considered [it] is apparent that the claimant has no more than a slight restriction of activities of daily living and slight difficulty maintaining social functioning. While there is some evidence of problems with social interaction, these are largely ascribed to drug and substance abuse and have been greatly improved by the use of medication. I further find that the claimant seldom suffers deficiencies of concentration, persistence, and pace and has never suffered an episode of deterioration or decompensation in work or work-like settings except for those associated with his substance abuse. Consequently, the record fails to document a severe impairment produced by any underlying psychological condition except for that produced by prior drug and substance abuse.

[AR 21] In short, the ALJ analyzed the materiality of Ponzio's substance abuse in precisely the way Ponzio argues he should have.

The question then becomes whether substantial evidence supported the ALJ's conclusion that Ponzio's substance abuse was material to his claim of disability. The Commissioner's regulations governing the question of the materiality of substance abuse state that "[t]he key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol." 20 C.F.R. § 416.935(b)(1). As noted above, the ALJ found that in the absence of substance abuse, his impairments significantly improved. [AR 21]

The Commissioner also points out many places in the record where Dr. Alan Berkowitz, Ponzio's treating psychiatrist, reported that Ponzio was "doing well" [AR 157, 236], as being "calm, sober, not using drugs, not psychotic, and dealing with his social situation, which is quite stressful, in a pretty mature way." [AR 235] The parties seem to agree that Dr. Berkowitz made these observations when Ponzio was not using drugs or alcohol. [RES 6, MIS 8]

5

Nevertheless, these observations say little to nothing specific about Ponzio's ability to work. Having found that Ponzio met the severity of the Listing of Impairments, the ALJ found Ponzio disabled. *Williams*, 844 F.2d at 751; 20 C.F.R. § 416.920(d). But the evidence the ALJ relied on, and which the Commissioner now relies on, at best gives tangential support to a conclusion that Ponzio could work when sober and when properly using his medication. This evidence merely addresses improvements in his ability to deal with his social situation, and perhaps improvement in his outlook, but not necessarily his ability to work. Similarly, the ALJ's conclusion that Ponzio "has no more than a slight restriction of activities of daily living and slight difficulty maintaining social functioning" due to his impairments, suffers the same defect.

In sum, the ALJ had already found Ponzio disabled, yet failed to support with substantial evidence his decision that Ponzio could work, but for substance abuse. I therefore recommend that the Court remand the matter to the Commissioner with instructions for the ALJ to evaluate again whether Ponzio could work despite his mental impairments. Noting the scarcity in the record of any direct discussion of that question, I also recommend that the ALJ consider obtaining a consultative examination directly addressing the question.

### 3. *The ALJ's step four finding that Ponzio could perform past relevant work is erroneous*

Only a step four analysis concerns a claimant's past relevant work. *Williams*, 844 F.2d at 751. The Commissioner contends that the ALJ made no determination that Ponzio could return to his past relevant work. [AR 7] Yet the ALJ wrote, "I specifically find that the claimant has not met the burden of proving that he is unable to return to past relevant work as a maintenance worker." [AR 22] This step-four analysis appears to be mostly an afterthought. The ALJ failed utterly to perform even the most superficial step-four analysis as required. *See Winfrey v. Chater*,

92 F.3d 1017 (10th Cir. 1996) (ALJ obligated to evaluate claimant's residual functional capacity, mental and physical demands of past relevant work, and whether claimant has the ability to meet those demands despite his limitations).

Though the ALJ erred on this score, the Commissioner argues that any error here is harmless. [RES 7-8] It might have been harmless if there were other grounds to support the ALJ's decision. *See Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) (minimal error by ALJ does not require reversal or remand). Such a cursory analysis fails to offer a reviewing court any grounds to affirm the decision. Accordingly, I find that the ALJ erred in his step four analysis, and recommend that the ALJ be instructed on remand to perform a thorough step-four analysis if the evaluation proceeds that far.

    *4. The ALJ properly did not consider Ponzio's general assistance benefits.*

Finally, Ponzio argues that the ALJ should have considered the finding of disability by another agency. [MIS 10] Ponzio testified that he received general assistance benefits from the State of New Mexico for 12 months. [AR 54] However, Ponzio offered no other evidence of record to the ALJ that would have shown the basis for New Mexico's determination of disability. The fact of New Mexico's finding of disability does not bind the Commissioner who must apply social security law, 20 C.F.R. § 416.904.

### E. Conclusion.

For the foregoing reasons I recommend that the Court remand the case to the Commissioner with instructions for the ALJ to consider specifically Ponzio's ability to perform work in the absence of substance abuse. The ALJ should consider obtaining a consultative examination for this purpose. Furthermore, I recommend that the Court remand the case with

7

instructions that the ALJ perform thorough step-four analysis should the evaluation proceed that far. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Attorneys for Plaintiff:**

Francesca MacDowell,
Gary A. Martone and A. Michelle Baca
Martone Law Firm
Albuquerque, NM

**Attorneys for Defendant:**

Joan M. Hart
Assistant United States Attorney
Albuquerque, NM

Mary F. Lin
Social Security Administration
Dallas, TX